■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS BUTHY, Appellant.— Judgment reversed on the law and facts and a new trial granted. Order (oral) denying motion to suppress reversed and motion granted. Memorandum: From a review of all the psychiatric testimony on the trial as well as the incidents of the utterly senseless crime itself and defendant's history prior to and subsequent to the occurrences and applying the statutory test to his mental condition at the time of the alleged crime it would clearly appear the People failed to establish beyond a reasonable doubt that the defendant had substantial capacity to know and appreciate the nature and consequences of his conduct and that such conduct was wrong. As against the testimony of two qualified psychiatrists who testified that he was not criminally responsible for the acts charged against him only Dr. Wilinsky testified that he had substantial capacity to be held accountable for his conduct, and his opinion was qualified by his testimony that at various times when he had seen defendant he has felt he was mentally ill although at other times not. Defendant's oral statements to the police following his arrest and his unsigned and unsworn statement given the Assistant District Attorney in the presence of several police officers thereafter were the subject of a preliminary hearing and were received in evidence on the trial after denial of defendant's motion to suppress and over his objection. The record on the suppression hearing and on the trial fails to support a finding that the defendant knowingly and intelligently waived his constitutional rights under the rule of *Miranda* v. *Arizona* (384 U. S. 436). As pointed out in the *Miranda* opinion at page 475: " A heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel   *   *   * An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." Defendant's confused and unresponsive answers to the

interrogation of his questioners with reference to his understanding of his rights and his willingness to give a statement to the authorities fall far short of establishing an understanding, intelligent waiver of his rights that would allow his statements to the police and assistant District Attorney as well as the cleaver and knives obtained as the result of those statements to be received in evidence. All concur, except MOULE, J., who dissents and votes to affirm, in the following memorandum: Dr. Wilinsky, an Assistant Clinical Professor of Psychiatry at the University of Buffalo, testified that defendant, although he may have been mentally ill from time to time, did have the substantial capacity to know the nature and consequences of his acts and that they were wrong at the time he committed them. While defendant's oral statements to the police were made after some hesitation and vacillation, he did make them voluntarily. (Appeal from judgment of Erie County Court, convicting defendant of assault, first degree.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.